**ORIGINAL**

# In the United States Court of Federal Claims

FILED
AUG 1 3 2004
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \*

ACCEPTANCE INSURANCE COMPANIES, INC.,   \*

    Plaintiff,   \*   No. 03-2794C

    v.   \*   Filed: August 13, 2004

UNITED STATES OF AMERICA,   \*

    Defendant.   \*

\* \* \* \* \* \* \* \* \*

## ORDER

    The Office of Risk Management denied plaintiff's application for the sale of certain assets to a company known as Rain and Hail, LLC. The Office of Risk Management is an agency of the Department of Agriculture organized to regulate the crop insurance industry. See 7 U.S.C. § 1503 (establishing the Federal Crop Insurance Corporation within the Department of Agriculture, subject to the supervision of the Risk Management Agency), and 7 U.S.C. § 6933(b) (listing the functions of the Office of Risk Management).

    Plaintiff's assets were crop insurance policies worth in excess of $21 million. According to the Complaint, the agency denied plaintiff's application because the sale would have been "detrimental to the interests of farmers and taxpayers." Acceptance Insurance argues that the decision of the Office of Risk Management was a final agency action taken in the "interests of the American taxpayer," and therefore a regulatory taking of plaintiff's property without just compensation.[1]

    Defendant filed a motion to dismiss plaintiff's case on jurisdictional grounds. The Government argues that (1) Congress has withdrawn this court's Tucker Act jurisdiction over plaintiff's takings claim; (2) plaintiff did not exhaust its administrative remedies prior to filing

---

[1] Regulatory takings are subject to a three-prong test. See, e.g., Penn Central Transp. Co. v. New York City, 438 U.S. 104 (1978). A court must review plaintiff's investment-backed expectations in the property, the character of government action, and the resulting economic impact on plaintiff. Acceptance Insurance argues that its "history of dealing with the RMA and its approval of prior transactions" proves that it had reasonable investment-backed expectations that the agency would approve its sale of policies to Rain and Hail.

this suit;[2] (3) the Complaint fails to state a claim for which relief may be granted because plaintiff has not asserted a protected property interest; and (4) government action in this case does not amount to a taking. The jurisdictional issue presented is whether Congress has withdrawn this court's Tucker Act jurisdiction over Fifth Amendment takings where the Office of Risk Management or the Federal Crop Insurance Corporation is involved. In considering defendant's motion, we assume that plaintiff's factual allegations are true and draw all reasonable inferences in plaintiff's favor. See, e.g., Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

The Tucker Act grants this court jurisdiction to hear Fifth Amendment takings claims against the United States. 28 U.S.C. § 1491(a)(1). Section 1506(d) of the Federal Crop Insurance Act states that federal district courts have "exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the [Federal Crop Insurance] Corporation." 7 U.S.C. § 1506(d). The Government has taken inconsistent legal positions on the interpretation of this statute. Its argument here is that section 1506(d) has withdrawn Tucker Act jurisdiction from this court for cases involving the Federal Crop Insurance Corporation.

Government attorneys point to recent cases in this court as support for district court jurisdiction over disputes involving the Office of Risk Management or the Federal Crop Insurance Corporation. See Ace Prop. and Cas. Ins. Co. v. United States, 60 Fed. Cl. 175 (2004) and Texas Peanut Farmers v. United States, 59 Fed. Cl. 70 (2003). These cases do not address the effect of section 1506(d) on takings claims against the United States, however. Section 1506(d) controls issues that arise under the Federal Crop Insurance Act, such as suits against the Corporation alleging violations of its duties.

Section 1503 establishes an agency to regulate crop insurance companies. That statute's purpose does not appear to be inconsistent with this court's Tucker Act jurisdiction to hear takings claims against the United States. As the two statutes are "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Blanchette v. Connecticut Gen. Ins. Corps., 419 U.S. 102, 133-134 (1974) (citing Morton v. Mancari, 417 U.S. 535, 551 (1974)).

This is a claim against the United States alleging a Fifth Amendment taking. The Court of Federal Claims has jurisdiction to hear and determine taking claims against the United States. See, e.g., Blanchette, 419 U.S. at 126 (1974) ("The general rule is that . . . '[if] there is a taking, the claim is 'founded upon the Constitution' and within the jurisdiction of the Court of Claims to hear and determine.'") (citing United States v. Causby, 328 U.S. 256, 267 (1946)).

---

[2] See Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1375 (Fed. Cir. 2000) (resorting to IRS administrative process is unnecessary where Export Clause of the Constitution was implicated because the Clause is self-executing.).

Defendant questions whether plaintiff's business is so highly regulated that the Government's denial of its application cannot reach the level of a taking. It doubts that plaintiff has asserted a protected property interest necessary for a takings claim. These issues are partly factual. The same is true of defendant's assertion that plaintiff's opportunity to sell its assets was not supported by a binding contract, but only a letter of intent. Defendant states that the Nebraska Department of Insurance considered plaintiff to be "in hazardous financial condition" when the Government took its disputed action. If these allegations have legal significance, the parties may develop them through discovery.

Defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted is DENIED. The parties will contact the court within ten days to propose a schedule for further proceedings.

_____
Robert H. Hodges, Jr
Judge