IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACCEPTANCE INSURANCE COMPANIES, INC., | ) ) ) | CASE NO. 8:06CV609 |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER ON MOTION TO TRANSFER |
| v. | ) ) | CASE TO THE COURT OF FEDERAL CLAIMS |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

This matter comes before the Court on the Plaintiff's Motion to Transfer Case to the Court of Federal Claims (Filing No. 93). For the reasons stated below, the Plaintiff's motion is denied.

**Procedural History**

This case was originally filed in the United States Court of Federal Claims on December 9, 2003, by Acceptance Insurance Companies, Inc. ("Acceptance") against the United States of America ("government"). The Complaint (Filing No. 1), alleged a taking by the government of Acceptance's property, and demanded just compensation for that which was taken. Acceptance, basing jurisdiction on the Tucker Act, 28 U.S.C. § 1491, further asserted that the Court of Federal Claims was the proper court in which to bring the action. (Filing No. 1, 2–5).

The government moved the Court of Federal Claims to dismiss the case, asserting that it lacked jurisdiction. (Filing No. 6). In a decision written by then-presiding Judge Robert H. Hodges, Jr., the government's motion to dismiss was denied. (Filing No.14). Judge Hodges found that the Complaint asserted "a claim against the United States alleging a Fifth Amendment taking." He further held that the issue of whether Acceptance

had asserted a protected property interest was partially a factual question, and that "[t]he Court of Federal Claims has jurisdiction to hear and determine taking claims against the United States." (Filing No. 14, 2–3) (citing *Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 133–34 (1974)).

The case was subsequently transferred to another Court of Federal Claims judge, Judge Thomas C. Wheeler. On February 10, 2006, the government filed a renewed motion to dismiss, arguing that the jurisdictional landscape had changed pursuant to the decision in *Tex. Peanut Farmers v. United States*, 409 F.3d 1370 (Fed. Cir. 2005). (Filing No. 38). Finding support in the newly decided cases of *Tex. Peanut Farmers* and *Lion Raisins, Inc. v. United States*, 416 F.3d 1356 (Fed. Cir. 2005), Judge Wheeler ultimately decided that the Federal Crop Insurance Act ("FCIA")—specifically 7 U.S.C. § 1506(d)—was an unambiguous indication by Congress that it was curtailing the Court of Federal Claims' Tucker Act jurisdiction when an action is brought against the Federal Crop Insurance Corporation ("FCIC").

As a consequence of Judge Wheeler's findings, the case was transferred to this Court. On October 30, 2006, Acceptance filed a motion to transfer the case back to the Court of Federal Claims and brief in support of that motion (Filing No. 93); the government filed a brief in opposition to Acceptance's motion (Filing No. 96); and Acceptance filed a brief in reply (Filing No. 97).

**Standard of Review**

Following the Supreme Court decision in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988), the "law of the case" principle guides a transferee court when

considering a motion to retransfer. Under the law-of-the-case principle, although a transferee court has the ability to retransfer a case to the transferor, the transferee court should "be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* at 817 (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). Adherence to the law of the case facilitates judicial economy, and helps prevent the litigants from becoming subject to the inevitable "perpetual game of jurisdictional ping-pong . . . ." *Id.* Otherwise, the "state of affairs would undermine public confidence in our judiciary, squander private and public resources, and commit far too much of [the Supreme Court's] calendar to the resolution of fact-specific jurisdictional disputes that lack national importance." *Id.* However, it has been noted by the Eleventh Circuit Court of Appeals that while "a district court cannot perform an appellate function by directly reviewing the decisions of another district court, there is nothing to prevent the [transferee court] from independently considering a motion to retransfer." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989 (11th Cir. 1982). In other words, the law-of-the-case principle does not act as a limit to the transferee court's own power, and it does not mean that a transferee court must forgo an independent jurisdictional analysis. This is because, if the law of the case contains a clearly erroneous transfer, the transferee court would lack jurisdiction. It is an "age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." *Christianson*, 486 U.S. at 818. Nonetheless, with close jurisdictional questions, that is, if the prior law of the case is not clearly erroneous, the transferee court should strictly adhere to it. *Id.* at 819.

**Facts**

American Growers Insurance Company ("American Growers") was in the business of underwriting insurance policies within the Federal crop insurance program, as well as crop insurance policies issued pursuant to state insurance laws that were not part of the federal program. (Filing No. 1, 2). Acceptance, a publically traded insurance holding company, owned American Growers. (Filing No. 69, 2). Acceptance alleges that it entered into a letter of intent with another insurance company, Rain and Hail, LLC, to sell to Rain and Hail several of its American Growers insurance assets. (Filing No. 1, 3). However, that transaction was subject to approval by the Risk Management Agency ("RMA").[1] Acceptance states that the RMA rejected the proposed sale and, after the Nebraska Department of Insurance placed American Growers' business under supervision and into liquidation, took control of Acceptance's crop insurance policies and transferred them to other approved insurance providers, including Rain and Hail. (Filing No. 1, 3; Filing No. 69, 3–4). Acceptance charges that, by transferring Acceptance's assets without compensation to Acceptance, the United States government (by and through the actions of its agent, the RMA), effected a taking of Acceptance's property without compensation and was therefore in violation of the Fifth Amendment.

---

[1] Congress created the RMA within the United States Department of Agriculture ("USDA") in 1996 to supervise and administer the already existing FCIC. 7 U.S.C. § 6933. Congress created the FCIC in 1938 through the FCIA, 7 U.S.C. §§ 1501 *et seq.*, to regulate and reinsure the nation's crop insurance industry. The FCIC is a wholly owned government corporation that, like the RMA, exists within the USDA. *See Tex. Peanut Farmers*, 409 F.3d at 1372. Section 1506 provides a cause of action in federal district court against the FCIC. It has been found by the Southern District of Iowa that "the RMA has supervisory authority over the FCIC, and . . . the provisions of sections 1506 and 6912 apply equally to it." *Am. Growers Ins. Co. v. Fed. Crop Ins. Corp.*, 210 F. Supp. 2d 1088, 1094 (S.D. Iowa 2002). In other words, the RMA may be sued under the same statute that the FCIC may be sued.

**Discussion**

Although this Court does not evaluate the opinion of the transferor court as if this Court were an appellate court, I will regard the law of the case to determine if the prior decision was clearly erroneous. Indeed, the law of the case doctrine "'expresses the practice of courts to generally refuse to reopen what has been decided . . . .'" *Christianson*, 486 U.S. at 817 (quoting *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)). Therefore, I start my own discussion with the Opinion and Order from the Federal Court of Claims.

Judge Wheeler, in his Opinion and Order filed on July 31, 2006, held that the Court of Federal Claims lacked jurisdiction to entertain the current action. Judge Wheeler first noted that in *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984), the Supreme Court considered whether the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") divested the Court of Federal Claims of Tucker Act jurisdiction to hear takings claims arising under the statute. The issue presented in that case was whether Congress intended FIFRA remedies to be the sole compensation for trade secret disclosure, or whether an injured party also could bring a takings claim in the Court of Federal Claims. The Supreme Court concluded that FIFRA merely established an "exhaustion requirement as a precondition to a Tucker Act claim," and that FIFRA and the Tucker Act therefore were "capable of co-existence." *Id.* at 1018. (Filing No. 69, 5–6).

Judge Wheeler also noted that in *Qwest Corp. v. United States*, 48 Fed. Cl. 672 (2001), the Court of Federal Claims considered whether the judicial review provision of the Telecommunications Act of 1996 eliminated the Court of Federal Claims' Tucker Act jurisdiction to hear takings claims arising under the Telecommunications Act. The

5

Telecommunications Act provided that a party aggrieved by the determination of a state commission "may bring an action in an appropriate Federal district court . . . ." 47 U.S.C. § 252(e)(6). That court concluded that the quoted language was perfectly capable of coexistence with the Tucker Act, and therefore held that concurrent jurisdiction over takings claims existed in the Court of Federal Claims and district courts. (Filing No. 69, 6).

However, Judge Wheeler found that "[i]n contrast to the statutes at issue in *Monsanto* and *Qwest*, the language of the FCIA mandates that district courts '*shall have exclusive original jurisdiction* of *all* suits brought by or against' the FCIC. The mandatory language leaves no opening for concurrent jurisdiction with the Tucker Act. The words exclusive and concurrent are antonyms, and the Court finds no ambiguity in their meaning." (Filing No. 69, 6) (quoting 7 U.S.C. § 1506(d)). Judge Wheeler ultimately decided that the FCIA—specifically 7 U.S.C. § 1506(d)—was an unambiguous indication by Congress that it was abrogating the Court of Federal Claims' Tucker Act jurisdiction when the action is brought against the FCIC. (Filing No. 69, 10). Further, Judge Wheeler concluded that the true nature of the current suit challenged actions of the RMA, which Judge Wheeler found "equat[able]" to the "FCIC for purposes of 7 U.S.C. § 1506(d)." (Filing No. 69, 9–10). Consequently, the case was transferred to this Court.

The Federal Circuit Court of Appeals, in *Tex. Peanut Farmers*, stated that (1) it is well settled that a court is to look at the true nature of the action in determining the existence or not of jurisdiction, *Tex. Peanut Farmers*, 409 F.3d at 1372; (2) the Tucker Act does not endow the Court of Federal Claims with jurisdiction concurrent to the federal district courts, *id.* at 1373; and (3) Congress granted district courts exclusive jurisdiction

over claims against the FCIC, *id.* at 1374.  In essence, it has been noted by commentators that *Tex. Peanut Farmers* stands for the idea that

> "[w]hen statutory language reflects legislative intent to channel cases into a certain venue, the court interprets that language to exclude [Court of Federal Claims] jurisdiction, even if the statute fails to exclude that court or the Tucker Acts by name. . . . Rather than narrowly reading congressional statutes to preserve [Court of Federal Claims] jurisdiction, this case suggests that the Federal Circuit may take a broad approach in discerning and applying Congress' intent.  The court balanced this somewhat strict exclusionary approach to [Court of Federal Claims] jurisdiction with a more liberal allowance for transfers."

*Cases and Recent Developments*, 15 Fed. Cir. B.J. 321, 337 (2005).  Accordingly, as Judge Wheeler stated, although *Tex. Peanut Farmers* concerns a breach-of-contract action, there is nothing in the FCIA that limits that act to breach-of-contract actions. "[T]here is nothing unique to a breach of contract theory in the logic of the argument rejected by the Federal Circuit.  By substituting 'takings claim' for 'contract claim' in [the opinion], the result is the same."  (Filing No. 69, 7).

Acceptance contends that Judge Wheeler should not have transferred the case out of the Court of Federal Claims.  Acceptance argues that its action is for an uncompensated taking by the United States, and consequently falls under the purview of the Tucker Act. (Filing No. 93, 5–6; Filing No. 97, 4–5).  Further, Acceptance argues that the FCIA does not demonstrate the requisite unambiguous Congressional intent to abrogate the Tucker Act, and that the FCIA applies only to actions *by or against* the FCIC.  (Filing No. 93, 6–11; Filing No. 97, 3, 8–11).  Finally, Acceptance argues that the ruling in *Tex. Peanut Farmers* is not applicable to the case at hand, because, unlike the contract cause of action in *Tex. Peanut Farmers*, the current case (a bona fide takings action), is "simply not an action

7

against the FCIC." (Filing No. 93, 10; *see also* Filing No. 97, 5–7). While Acceptance's arguments are well taken, I do not find the transfer to this Court to be clearly erroneous. Accordingly, I will not reopen the issues that have already been decided.[2]

I find the jurisdictional issue in this case falls into the category of "close questions," that "by definition, never have clearly correct answers." *Christianson*, 486 U.S. at 819. The previous transfer decision is "plausible," and therefore my "jurisdictional inquiry is at an end." *Id.* (citing *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2nd Cir. 1981), *cert. denied*, 459 U.S. 828 (1982)).

IT IS ORDERED:

1. The Plaintiff's Motion to Transfer Case to the Court of Federal Claims (Filing No. 93), is denied.

DATED this 7th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2] It is not an implausible conclusion that there is no "opening for concurrent jurisdiction with the Tucker Act" and the FCIA, (Filing No. 69, 6), and it is not an implausible conclusion that the true nature of the suit (i.e., the principal actor), is an action against the RMA. (Filing No. 69, 9–10). Finally, it is not an implausible conclusion that "7 U.S.C. § 1506(d) applies equally to the [RMA] in its capacity as a supervisory and administrative agency for the FCIC." (Filing No. 69, 10).